IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **CIV** |
| v. | ) ) | **COMPLAINT** |
| 704 HTL OPERATING, LLC, And INVESTMENT CORPORATION OF AMERICA, d/b/a MCM ELEGANTE HOTEL | ) ) ) ) | **AND** **JURY TRIAL DEMAND** |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the bases of religion and/or retaliation, and to provide appropriate relief to Charging Party Safia Abdullah who was adversely affected by such practices during her employment with Defendants 704 HTL Operating, LLC, and Investment Corporation of America d/b/a MCM Elegante (collectively "Defendants").  As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendants failed to accommodate Ms. Abdullah's religious beliefs and practices; failed to hire and/ or discharged Ms. Abdullah because of her religion; and/or failed to hire and/ or discharged Ms. Abdullah in retaliation for her opposition to discrimination.  As an alternative claim, the Commission alleges that Defendants constructively discharged Ms. Abdullah because of the intolerable working conditions it created by its discriminatory and retaliatory acts.

1

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       At all relevant times, the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.       EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.       At all relevant times, Defendants have been Texas corporations continuously doing business in Albuquerque, New Mexico, and have continuously employed at least 15 employees.

5.       At all relevant times, Defendants have continuously been and are now employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g), and (h).

6.       At all relevant times, Defendants were an integrated enterprise and/or joint employer that failed to hire Safia Abdullah and/or hired and then discharged Ms. Abdullah.

## GENERAL ALLEGATIONS

7.      More than thirty days prior to the institution of this lawsuit, Safia Abdullah ("Abdullah") filed a charge with the Commission alleging violations of Title VII by Defendants.

8.      Prior to filing this lawsuit the Commission and Defendants engaged in informal efforts of conciliation.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

10.      Defendants are involved in the operation of at least six hotels in the United States, including the MCM Elegante Hotel in the City of Albuquerque and the State of New Mexico.

11.      Defendants employ over 500 employees in their hotels in the United States.

12.      At all times relevant to this lawsuit, Defendants employed Luanne Slough ("Slough") as a Human Resources representative for Albuquerque's MCM Elegante Hotel.

13.      At all times relevant to this lawsuit, Defendants employed Terrie Young ("Young") as an Executive Housekeeper for Albuquerque's MCM Elegante Hotel.

14.      In the Defendants' organization, the Executive Housekeeper is a supervisor who makes recommendations for hiring and firing and is directly responsible for the day to day operations of the housekeeping staff, including supervision and scheduling of employees.

15.      Ms. Abdullah is a refugee from Iraq.

16.      Ms. Abdullah was assisted in her job search efforts in Albuquerque, New Mexico by Margie Lovato, a case worker or Job Developer from Catholic Charities.

17.     With Ms. Lovato's assistance, Ms. Abdullah applied for a position at MCM Elegante Hotel in Albuquerque, New Mexico on March 2, 2010.

18.     On or about March 3, 2010, Ms. Abdullah was interviewed by Ms. Young of MCM Elegante Hotel for a housekeeping position.

19.     At her job interview on March 3, 2010, Ms. Abdullah was wearing a hijab, a head covering for female Muslims.

20.     Ms. Abdullah wore a hijab to comply with her Muslim beliefs and practices.

21.     On or about March 3, 2010, Ms. Abdullah was informed by Defendants that she was hired and provided new employee forms to fill out.

22.     On or about March 11, 2010, Ms. Abdullah submitted to a voluntary drug screen at Concentra labs as part of the hiring process requested by Defendants.

23.     On or about March 12, 2010, Ms. Abdullah was informed again that she was hired by MCM Elegante and Defendants requested she report to work on March 15, 2010.

24.     On March 15, 2010, Ms. Abdullah reported to work at MCM Elegante in the housekeeping department.

25.     Ms. Abdullah reported for duty to Executive Housekeeper Young.

26.     At the time Ms. Abdullah reported for duty, she was wearing her hijab on her head.

27.     When Ms. Abdullah reported to Ms. Young for duty, she was given a uniform and rudely told by Ms. Young to "take off that thing from your head."

28.     When Ms. Young requested that Ms. Abdullah remove her hijab, Ms. Abdullah explained to Ms. Young that her hijab was part of her religious beliefs and/or religious practices and she needed to wear it.

29.     After Ms Abdullah refused to remove her hijab for Ms. Young, she was escorted to see Human Resources Manager Luanne Slough.

30.     Human Resources Manager Slough told Ms. Abdullah "we can't let you work here with that on your head."

31.     When Human Resources Manager Slough told Ms. Abdullah she could not work with a hijab, Ms. Abdullah demonstrated for Ms. Slough that she had a fabric cap underneath her hijab which also covered her head and Ms. Abdullah offered to wear only the inner fabric cap.

32.     Ms. Abdullah specifically advised Ms. Slough that just the fabric cap could be worn while Ms. Abdullah performed work duties for Defendants.

33.     Human Resources Manager Slough told Ms. Abdullah that she did not want customers, who have varying religious beliefs, to see Ms. Abdullah covering her head in any manner.  Slough then repeated that Ms. Abdullah could not work at the MCM Elegante Hotel unless she worked without any head covering.

34.     Human Resources Manager Slough also told Ms. Abdullah that she could not work with her head covering because of unspecified safety reasons.

35.     On or after March 15, 2010, Margie Lovato telephoned Ms. Slough to inquire as to the employment status of Safia Abdullah.  At this time, Human Resources Manager Slough told Ms. Lovato that Ms. Abdullah was not allowed to wear a scarf around her head and neck.

Human Resources Manager Slough also told Ms. Lovato that it was not her fault Ms. Abdullah could not work because she (Slough) was just following orders from the corporate office in Texas.

36.    Ms. Abdullah is Muslim and belongs to a class protected by Title VII.

37.    Ms. Abdullah was qualified for hire and hired to work in Defendants' housekeeping department.

38.    Ms. Abdullah was refused hire and/or fired because of her religion.

39.    Before refusing to hire and/or firing Ms.Abdullah, Defendants were aware that Ms. Abdullah held a religious belief and had a religious practice requiring her to wear a hijab or other suitable head covering.

40.    Ms. Abdullah's request to wear a hijab or other suitable head covering while working for Defendants was based on sincerely held religious beliefs and practices.

41.    Ms. Abdullah's request to wear a hijab or other suitable head covering conflicted with Defendants' alleged employment requirements.

42.    Ms. Abdullah informed Defendants of the conflict between their stated employment requirements and her religious beliefs and practices.

43.    Ms. Abdullah was denied hire by Defendants and/or fired because she could not comply with the Defendants' requirement that she forego wearing her hijab or other suitable head covering.

44.    Before refusing to hire and/or firing Ms. Abdullah, Defendants made no attempts to accommodate Ms. Abdullah's religious beliefs and practices relating to wearing a hijab or other suitable head covering.

45.     Defendants cannot prove that they could not reasonably accommodate Ms. Abdullah's religious beliefs and practices.

46.     Defendants cannot establish any undue hardship on the conduct of its business because of the need to reasonably accommodate Ms. Abdullah's religious beliefs and practices.

47.     Ms. Abdullah opposed Defendants' requests that she work without her hijab or other suitable head covering.

48.     After Ms. Abdullah opposed discrimination and refused to abandon her hijab or other suitable head covering she was subjected to adverse actions including, being denied hire and/or fired.

49.     The adverse actions to which Ms. Abdullah was subjected could cause a reasonable worker to be dissuaded from making or supporting a charge of discrimination

50.     Ms. Abdullah's opposition to discrimination occurred the same day she was denied hire and/or fired.

51.     Defendants failed to hire Ms. Abdullah and/or fired her because of her religion and/or in retaliation for her opposition to unlawful employment practices.

52.     In the alternative, Defendants' discrimination and retaliation against Ms. Abdullah caused her working conditions to be intolerable, forcing her to quit.

**FIRST CLAIM FOR RELIEF**

[Failure to Accommodate Religious Beliefs/Practices – 42 U.S.C. §§2000 e (j) and 2000e-2(a)]

53.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

54.     Since at least March, 2010, Defendants discriminated against Charging Party Safia Abdullah in violation of Sections 701(j) and 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by failing to reasonably accommodate her religious beliefs and practices.

55.     Defendants failed to hire and/or fired Ms. Abdullah because of her religion.

56.     There was no undue hardship on the conduct of Defendants' business because of the need to reasonably accommodate Ms. Abdullah's religious beliefs and practices.

57.     The unlawful employment practices described above were intentional.

58.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Safia Abdullah.

59.     As a result of the events and actions described above, Safia Abdullah was deprived of equal employment opportunities, suffered emotional distress, and was otherwise adversely affected because of her religion, her religious beliefs, and her religious practices.

**SECOND CLAIM FOR RELIEF**

[Failure to Hire and/or Discharge – 42 U.S.C. 2000e-2(a)]

60.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

61.     Since at least March, 2010, Defendants discriminated against Charging Party Safia Abdullah in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by failing to hire and/or discharging her or otherwise discriminating against her because of her religious beliefs and practices.

62.     Ms. Abdullah is a Muslim woman.

63.     Ms. Abdullah had a sincere religious belief relating to wearing a hijab.

64.     Ms. Abdullah informed Defendants of her sincere religious belief relating to wearing a hijab.

65.     Defendants failed to hire and/or fired Ms. Abdullah based on her religion.

66.     Ms. Abdullah was qualified to perform job(s) in the Defendants' housekeeping department.

67.     Ms. Abdullah was denied hire, fired or otherwise discriminated against under circumstances giving rise to an inference of discrimination.

68.      The unlawful employment practices described above were intentional.

69.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Safia Abdullah.

70.     As a result of the events and actions described above, Safia Abdullah was deprived of equal employment opportunities, suffered emotional distress, and was otherwise adversely affected because of her religion, her religious beliefs, and her religious practices.

**THIRD CLAIM FOR RELIEF**

[Retaliatory Failure to Hire and/or Discharge – 42 U.S.C. 2000e-3(a)]

71.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

72.     Since at least March, 2010, Defendants discriminated against Charging Party Safia Abdullah in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by failing to hire and/or discharging her or otherwise discriminating against her because of her opposition to unlawful employment practices.

73.     Ms. Abdullah opposed Defendants' discrimination against her, including its failure to reasonably accommodate her religious beliefs and practices.

74.     Defendants' action in failing to hire and/or discharging Ms. Abdullah after she opposed Defendants' discriminatory acts are materially adverse actions.

75.     Because Ms. Abdullah was denied hire or fired the same day she opposed Defendants' discrimination against her, temporal proximity sufficient to establish a *prima facie* claim of retaliation exists.

76.     Ms. Abdullah was denied hire, fired or otherwise retaliated against under circumstances giving rise to an inference of retaliation.

77.      The unlawful employment practices described above were intentional.

78.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Safia Abdullah.

79.     As a result of the events and actions described above, Safia Abdullah was deprived of equal employment opportunities, suffered emotional distress, and was otherwise adversely affected because of her religion, her religious beliefs, and her religious practices.

## FOURTH CLAIM FOR RELIEF

[Alternative Claim - Constructive Discharge – 42 U.S.C. §§ 2000e-2(a)]

80.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

81.     If Defendants did not refuse to hire or discharge Safia Abdullah, then Defendants constructively discharged Ms. Abdullah, in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discriminating against her on the basis of religion and retaliation.

82.     The working conditions created by the unlawful discriminatory and retaliatory actions alleged in the preceding paragraphs became so intolerable that a reasonable person would not have continued to subject herself to those conditions.

83.     Defendants knew or should have known about the discriminatory and retaliatory conditions it created for Ms. Abdullah.

84.     The unlawful employment practices described above were intentional.

85.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Safia Abdullah.

86.     As a result of the events and actions described above, Safia Abdullah lost wages and benefits, was deprived of equal employment opportunities, suffered and is suffering emotional distress, and was and are otherwise adversely affected because of religion and opposition to unlawful employment practices.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination against employees because of religion and any other employment practice which discriminates on the basis of religion.

B.      Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that retaliates against any individual for

opposition to unlawful employment practices and/or because the individual has made a charge, testified, assisted or participated in any manner in a Title VII proceeding.

      C.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Muslim women and which eradicate the effects of their past and present unlawful employment practices, including religious discrimination and retaliation.

      D.     Order Defendants to make whole Safia Abdullah by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to, rightful-place hiring, reinstatement and/or front pay in lieu of reinstatement.

      E.     Order Defendants to make whole Safia Abdullah by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, and other pecuniary losses in amounts to be determined at trial.

      F.     Order Defendants to make whole Safia Abdullah by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

      G.     Order Defendants to pay Safia Abdullah punitive damages for Defendants' malicious and/or reckless conduct described above, in amounts to be determined at trial.

      H.      Grant such other and further relief as the Court deems just, necessary, equitable, and proper in the public interest.

      I.      Award the Commission its costs in this action.

**<u>JURY TRIAL DEMANDED</u>**

      The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED September 21, 2011.

                                           PATRICK D. LOPEZ
                                           General Counsel

                                         GWENDOLYN YOUNG REAMS
                                         Associate General Counsel

                                         EQUAL EMPLOYMENT OPPORTUNITY
                                         COMMISSION
                                         1801 L Street, NW
                                         Washington, D.C.  20507

                                         */s/ Medina for Mary Jo O'Neill*
                                         MARY JO O'NEILL
                                         Regional Attorney

                                         EQUAL EMPLOYMENT OPPORTUNITY
                                           COMMISSION
                                         Phoenix District Office
                                         3300 North Central Avenue
                                         Suite 690
                                         Phoenix, Arizona 85012

13

*/s/ Medina for Rita Byrnes Kittle*
RITA BYRNES KITTLE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Denver Field Office
303 E. 17th Avenue, #410
Denver, CO  80203


***Electronically Filed***

/s/ *Loretta Medina*
LORETTA MEDINA
Senior Trial Attorney

CHRISTINA VIGIL
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230

Attorneys for Plaintiff