IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

vs.                                        CIVIL NO.   11-845 JH/LFG

704 HTL OPERATING, LLC and
INVESTMENT CORPORATION
OF AMERICA, dba MCM Elegante
Hotel,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION
## TO IDENTIFY EXPERT WITNESS

THIS MATTER is before the Court on Defendants' Motion for Leave to Identify Expert Witness [Doc. 87]. The Court considered the motion and Plaintiff Equal Employment Opportunity Commission's ("EEOC") Response in opposition [Doc. 96]. No reply is required. For the reasons hereafter stated, the Motion is deemed well-taken and will be granted.

### Background

The Court's Scheduling Order required the EEOC to disclose its expert witnesses, including experts for whom no report was required, by March 13, 2012. [Doc. 19, at 2, n.1].[1] EEOC filed an unopposed motion to extend deadlines proposing that EEOC be allowed to identify its experts by

---

[1] The requirement to re-designate testifying experts by a date certain, even if previously disclosed in initial disclosures, ensures that a defendant knows with certainty which experts and healthcare providers will actually testify. Many plaintiff's attorneys list in initial disclosures each and every healthcare provider whose name appears on any medical record, even though the plaintiff does not intend to call all of those witnesses. This practice works a basic unfairness on defendants given the limitation on numbers of depositions authorized. Most frequently, defendants will wait until plaintiff commits to a list of testifying witnesses before having to use its limited depositions. Accordingly, the court's scheduling order gives a plaintiff ample time to engage in investigation and discovery to make a final determination of which testifying experts will be called, and to identify those experts by the expert disclosure deadline.

March 27, 2012, and that Defendants be permitted to designate their experts by April 26, 2012. [Doc. Nos. 35, 36.] At a Rule 16 status conference, EEOC requested an extension of expert deadlines. [Doc. 44, Minutes.] On March 16, 2012, the Court entered an Order allowing EEOC additional time until April 26, 2012 to designate its experts and allowing Defendants until May 25, 2012, to identify its experts. [Doc. 45.] EEOC initiated both requests for extensions.

On May 23, 2012, after the twice extended expert disclosure deadline, EEOC amended its initial disclosures to designate Dr. John D. Gray as an expert who would provide testimony on Ms. Abdullah's mental or emotional condition.  Defendants did not identify their own expert on this issue, but took Dr. Gray's deposition on June 11, 2012. [Doc. 70, ¶ 4.] Defendants subsequently asked to conduct a Fed.R.Civ.P. 35 IME of Ms. Abdullah which was opposed by EEOC.  The Court granted the request and authorized the IME to be conducted by Dr. Samuel Roll.  [Doc. 74.]  That IME did not occur until August 18, 2012, a date long after the deadline for Defendants' disclosure of their own expert. [Doc. 87.]

EEOC acknowledges tardiness in its own disclosure, but argues that the disclosure was made before the expiration of Defendants' expert report deadline and further contends that "Defendants' noncompliance cannot be excused by another party's noncompliance."  [Doc. 96, p. 6].  The Court rejects that argument.  It defies logic to believe that one party's tardiness should be overlooked, but not the other's.

EEOC objects to Defendants' present extension of time request, arguing that Defendants knew, prior to the close of discovery, that Dr. Gray was going to testify and did not act to get an extension.  EEOC also argues that Defendants have not shown good cause to warrant an extension.

**Discussion**

Defendants' delay in designating their expert was occasioned, at least in part, by EEOC's failure to timely disclose Dr. Gray. In fairness to Defendants, the Court determines that their motion for a tardy identification of Dr. Roll as an expert is well-taken.

Moreover, the case was recently reassigned to the Honorable Judith Herrera. It is not set for either a pretrial conference or trial. It is patently clear that there will be a significant delay before this case comes to trial. Therefore, granting Defendants' request will not prejudice EEOC.

In <u>Rimbert v. Eli Lilly and Co.</u>, 647 F.3d 1247, 1254-56 (10th Cir. 2011), the Tenth Circuit determined that it was error for a trial court to insist on adherence to its initial scheduling order when a party had lost an expert as a result of a <u>Daubert</u> ruling and wanted to re-designate a new expert. The Circuit found that the trial court abused its discretion in refusing to allow the out-of-time expert designation, particularly under circumstances where there was neither a pretrial schedule nor a trial date. <u>Id.</u> at 1256. In reversing the trial court's denial to permit a late expert designation, the Circuit noted that while a trial court has obligations to effectively manage its own docket, the circumstances warranted flexibility in the discovery schedule. <u>Id.</u>

Such is the case here. There is no pretrial conference or trial pending. The newly assigned trial judge received a number of cases previously assigned to the Chief Judge, and these newly assigned cases must be absorbed into an already full civil and criminal caseload. In other words, the accommodation for Defendants can easily be granted and no one will be prejudiced. Failure to grant the request would, on the other hand, be prejudicial to Defendants.

Accordingly, the Court allows the late designation of Dr. Roll as an expert, and will grant EEOC 45 days within which to take Dr. Roll's deposition if it so desires. The parties shall cooperate in finding an appropriate date for this deposition.

IT IS THEREFORE ORDERED that Defendants' Motion for Leave to Identify Expert Witness [Doc. 87] is GRANTED as described herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge