# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| ) Plaintiff, ) ) | **CIV No. 1:11-CV-00845 JCH/LFG** |
| v. ) ) | |
| 704 HTL OPERATING, LLC, ) And INVESTMENT CORPORATION OF ) AMERICA, d/b/a MCM ELEGANTE HOTEL ) ) Defendants. ) ) | |

---

## CONSENT DECREE

---

## I.  RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission

("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging

that Defendants, 704 HTL Operating, LLC ("704 HTL" or "MCM Elegante" or "Hotel") and

Investment Corporation of America, doing business as MCM Elegante Hotel (collectively

"Defendants") unlawfully discriminated against Safia Abdullah by failing to accommodate Ms.

Abdullah's religious beliefs and practices; failing to hire and/or discharging her because of her

religion; and failing to hire/and or discharging Ms. Abdullah because she opposed alleged

unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as

amended ("Title VII").

2.      Defendants deny the allegations of the EEOC, and specifically deny that they unlawfully discriminated against Safia Abdullah by failing to accommodate her religious beliefs and practices; by failing to hire and/or discharging her because of religion; and failing to hire and/or discharging Ms. Abdullah because she opposed alleged employment practices.  Defendants state that they have agreed to enter into this Consent Decree for the sole purpose of compromising a disputed claim and to avoid the risks and expenses of continued litigation.  This Consent Decree does not constitute a finding of liability on the part of Defendants for any allegations in the Complaint.  The entry of this Consent Decree shall not be used as evidence by EEOC that Defendants violated the provisions of Title VII, or any comparable law, except in enforcement of this Consent Decree.

3.      The Parties signatory hereto are the Plaintiff EEOC, and the Defendants 704 HTL Operating, LLC and Investment Corporation of America.

4.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      For the purpose of amicably resolving disputed claims, the Defendants join with the Commission in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.   JURISDICTION

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

**8.**     **Term:** The duration of this Decree shall be two (2) years from the date of signing by the

Court.

**9.**     **Scope:** The terms of this Decree shall apply to 704 HTL Operating, LLC and Investment

Corporation of America.

## IV.  ISSUES RESOLVED

**10.**     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a

complete resolution of all of the Commission's claims of unlawful employment practices under

Title VII that arise from Charge of Discrimination Number 846-2010-67845C, filed by Safia

Abdullah.

**11.**     Defendants and its officers, agents, employees, successors, and all other persons in

active concert or participation with it, or them, will not interfere with the relief herein ordered,

but shall cooperate in the implementation of this Decree in full.

## V.     MONETARY RELIEF

**12.**     Judgment is hereby entered in favor of the Commission and against Defendants in the

amount of $ 100,000.00.

**13.**     Defendants will not condition the receipt of individual relief upon Safia Abdullah's

agreement to: (a) maintain as confidential the terms of this Decree and the facts of the case, (b)

waive her statutory right to file a charge with any federal or state anti-discrimination agency; or

(c) promise not to reapply for a position with Defendants.

**14.**     To resolve these claims, Defendants shall pay a total of $100,000.00, allocated as

follows:

     **14.1**     Abdullah shall receive back pay in the amount of $10,000.00.

      **14.2**    Abdullah shall receive compensatory damages in the amount of $90,000.00.

The Commission retains the sole discretion to apportion amounts between back pay and compensatory damages. Based on a W4 form provided by Ms. Abdullah, Defendants shall make appropriate deductions from the back pay portion of Ms. Abdullah's settlement, and provide her a letter itemizing the deductions. Defendants shall pay all employer-required payroll taxes and shall not deduct its share from the payments to Ms. Abdullah.  For amounts designated as compensatory damages payable to Ms. Abdullah, Defendants shall make no deductions, and shall issue a form 1099 to Ms. Abdullah.

**15.**    The payments required under this Decree shall be mailed to Safia Abdullah within twenty (20) calendar days after the Court's entry of the Consent Decree, and mailed to the address provided by the EEOC.

**16.**    Within five (5) business days after payments are mailed to Safia Abdullah, Defendants shall submit to EEOC a copy of the checks issued.

### VI.    OTHER INDIVIDUAL RELIEF

**17.**    To the extent necessary, Defendants shall expunge from Safia Abdullah' personnel files (a) any and all references to the allegations of discrimination filed against Defendants that formed the basis of this action; (b) any and all references to Ms. Abdullah's participation in this action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies or other deficiencies documented after Ms. Abdullah left Defendant MCM Elegante's employment, or filed a charge of discrimination.

**18.**    Defendants shall expunge its termination or failure to hire documentation from Safia Abdullah's records.

## VII.  EQUITABLE RELIEF

**A.**     **Compliance with Title VII**

**19.**     Defendants, their officers, agents, successors and any other persons in active concert or participation with them, shall not engage in any employment practice which constitutes discrimination on the basis of religion as defined by Title VII.

**20.**     Defendants, their officers, agents, successors and any other persons in active concert or participation with it or them, shall not engage in any practice that constitutes reprisal or retaliation against any person because of such person's opposition to a practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008.  Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants; because such person files or causes to be filed a charge of discrimination with the Commission, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of a violation of these statutes.  Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendants retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

**B.**     **EEO Policy Review**

**21.**     Within sixty (60) calendar days of the entry of this Decree, the Defendants shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

22.      The written EEO policies must include at a minimum:

    22.1     A strong and clear commitment to preventing unlawful religious discrimination and retaliation;

    22.2     A clear and complete definition of disparate treatment based on religion and retaliation;

    22.3     A clear and complete definition of the employer's obligation to reasonably accommodate religious practices and beliefs of employees unless accommodation would cause an undue hardship to the employer;

    22.4     A statement that discrimination based on religion and retaliation or for reporting such discrimination or for seeking religious accommodation is prohibited and will not be tolerated;

    22.5     A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

    22.6     The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about failures to hire, accommodate, discrimination, harassment, or retaliation;

    22.7     An assurance that Defendants will investigate allegations of unlawful discrimination promptly, fairly, and reasonably and that appropriate corrective action will be taken by Defendants;

    22.8     A description of the consequences, up to and including termination, that will be imposed upon violators of Defendants' EEO and anti-discrimination policies;

    22.9     A promise of confidentiality for persons who request a religious accommodation, report unlawful discrimination, harassment, and/or retaliation, or who participate in an

investigation into allegations of discrimination, harassment and/or retaliation except when such confidentiality is not feasible or when disclosure is reasonably required in order to investigate, defend or otherwise comply with applicable laws;

**22.10**   An assurance of non-retaliation for persons who report unlawful discrimination, harassment and/or retaliation, and/or request a religious accommodation, and for witnesses; and

**22.11**   Evaluations of management employees, including but not limited to all managers, co-managers, assistant managers and district or regional managers and employees working in the human resources department, shall include consideration of EEO compliance, and compliance with policies and laws prohibiting discrimination and retaliation. Defendants' management employees shall receive evaluations according to this policy.

**23.**   The written EEO policies, reviewed and revised under Paragraphs 21 and 22 above, shall be posted in a prominent location frequented by employees, in Defendants' 704 HTL Hotel and at ICA and distributed to each current employee within ninety (90) calendar days of the Court's entry of the Consent Decree. The written EEO policies shall be distributed to all new employees when hired.

**C.     Religious Accommodation Guidance**

**24.**   As to all managers or supervisors who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for religious accommodation, Defendants shall adopt and maintain a written policy that will inform them that reasonable religious accommodation will be provided, upon request, during the hiring process and in the course of employment.  The policy must provide guidance on how to determine what is a

reasonable accommodation based on religious belief or practices, including mandatory

participation in the interactive process with the applicant/employee.

**24.1**  The policy must be distributed to all employees in accordance with the procedures

above regarding EEO policy distribution in Paragraph  23.  Within seventy-five (75) days

of the Court's entry of this Decree, Defendants shall forward a copy of the Religious

Accommodation Guidance to the Commission and a letter indicating that the policy has

been distributed.

**D.    Training**

**25**.    At least annually, Defendants shall provide EEO training for its employees as more

particularly described below in Paragraphs 25.1, 25.2 and 25.3.  All training under this Paragraph

25 shall be at Defendants' selection and expense.  Training may be by live presentation, on-line

interactive training, and/or computer training, or a combination of the foregoing.  The training

will be conducted as follows:

**25.1    Non-Managerial Employees**

Defendant 704-HTL will require all non-managerial employees to receive at least two (2)

hours of training annually regarding Title VII devoted to discussing discrimination based on

religion and retaliation.  Under this provision, employees will be trained at a minimum in the

following areas: (a) what constitutes employment discrimination, including discrimination based

on religion; (b) what constitutes retaliation for reporting discrimination or seeking a religious

accommodation; (c) the Defendants' policy and procedures for reporting alleged discrimination;

(d) understanding the kind of conduct which may constitute unlawful discrimination or

harassment; (e) the penalties of engaging in discriminatory or retaliatory behavior; (f)

Defendants' non-retaliation policy; and (g) Defendants' procedures for handling requests for

religious accommodation.   The training required under this paragraph shall be conducted at Defendants' selection and expense by a qualified outside vendor.

### 25.2    Managerial, and Supervisory Employees

Managerial and Supervisory Employees of Defendant 704-HTL receive at least five (5) hours of training annually regarding Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act and other federal anti-discrimination laws. Two (2) of those hours must be devoted to discussing discrimination based on religion and retaliation.  Managerial and Supervisory Employees of Defendant 704-HTL shall further designate at least one (1) of the remaining five (5) hours for the instruction of managerial and supervisorial employees in the proper methods of receiving, communicating, and investigating complaints of discrimination, the proper methods of receiving, communicating, and handling requests for religious accommodation, and ameliorating the effects of any such discrimination. Defendant 704-HTL shall emphasize with managerial and supervisorial employees that, because of their position of power, such employees must be particularly vigilant not to discriminate, either consciously or because they rely on subconscious stereotypes; that they must be sensitive of how their actions or words might be perceived by subordinate employees; and that they must avoid the temptation to retaliate if a complaint is made, or might be made, against them.  Defendant 704-HTL will also require employees who are newly hired or promoted into a managerial or supervisory position to complete the requisite five (5) hours of discrimination-related training within ninety (90) days of being hired or promoted. The training required under this paragraph shall be conducted at Defendant704-HTL's selection and expense by a qualified outside vendor.

### 25.3    Human Resource Employees

Defendants 704 HTL and ICA will require all individuals who work in a human resource capacity to receive at least eight (8) hours of training annually regarding Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and other federal anti-discrimination laws. Defendants shall designate at least four (4) of the eight (8) hours directly for training on discrimination because of religion and retaliation, including all human resource managers, employees and contacts.  Defendants will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within ninety (90) days of being hired or promoted into a human resource position. This training required by Paragraph 25.3 shall be conducted at Defendants' selection and expense by a qualified outside vendor.

26.    The first such training session for each employee group identified in Paragraph 25 above, will take place within ninety (90) calendar days after the Court's entry of this Decree.  All personnel shall both register and attend the training sessions.  In the semi-annual reports required under the Reporting provisions of this Decree, Defendants shall submit copies of the agenda of the training programs, the individuals in attendance, and identify the individuals providing the training.

### E.    Posting of Notice

27.    Within twenty (20) business days after the Court's entry of this Consent Decree, Defendants shall post in a conspicuous place in its 704-HTL hotel facility and at ICA headquarters facility, the Notice attached as Exhibit A to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit A. The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendants will immediately

replace it with a clean copy.  Defendants shall certify to the Commission, in writing, within thirty (30) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

## VIII.  Recordkeeping and Reporting Provisions

**28.**     Defendants shall provide semi-annual reports for each six month period following the entry of the Decree.  The reports shall be due thirty (30) calendar days following the respective six -month period, except the final report which shall be submitted to the Commission at least two (2) weeks prior to the date on which the Consent Decree is to expire.

**29.**     **Reporting Requirements:**  Each report shall provide the following information:

### 29.1.  Training

**29.1.1**  For each training program required under Paragraph 25, and conducted during the reporting period, Defendants shall submit a registry of attendance.

**29.1.2.** For each training program required under Paragraph 25 that is provided off-site from Defendants' facilities, and completed during the reporting period, Defendants shall provide a certificate of completion.

**29.1.3.** For each training program conducted during the reporting period, Defendants will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; and (c) the name of each trainer and a summary of his or her qualifications.

**29.1.4.** For each training program conducted by a vendor not affiliated with Defendants, Defendants will identify the vendor and provide a copy of the program agenda.

**29.2.   Posting of Notice:**  Defendants shall recertify to the Commission that the Notice required to be posted under Paragraph 27 of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**29.3.   Policy Review:**  Defendants shall submit a copy of the EEO policy required under Paragraphs 21-23, above, to the EEOC.

**29.4   Religious Accommodation Guidance**:  Defendants shall submit a copy of the Religious Accommodation Guidance as required under Paragraph 24, above, to the EEOC.

**29.5**   Certification of Evaluation Factors:  Defendants' certification to the EEOC that its oral or written evaluations of supervisory or management employees of Defendant 704-HTL and all human resources employees of both Defendants, included consideration of EEO compliance, and compliance with policies and laws prohibiting discrimination and retaliation as required under Paragraph 22.11, above.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**30**.   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**31**.   There is no private right of action to enforce Defendants' obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

**32**.   Absent extension, this Decree shall expire by its own terms at the end of the twenty-fourth (24th) month from the date of entry, without further action by the Parties.

## IX.  EEOC AUTHORITY

**33.**      With respect to matters or charges outside the scope of this Decree, this Decree shall in

no way limit the powers of the Commission to seek to eliminate employment practices or acts

made unlawful by any of the statutes over which the EEOC has enforcement authority, and do

not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

**34.**      Each Party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

**35**.      Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:


For Plaintiff:                                          For Defendants:

Loretta Medina                                    Ann Maloney Conway
D'Ontae D. Sylvertooth                      Marian B. Hand
EQUAL EMPLOYMENT OPPORTUNITY        Christina M. Gooch
COMMISSION                                        Keleher & McLeod PA
Albuquerque Area Office                     P.O. Drawer AA
505 Marquette NW, Suite 900             Albuquerque, New Mexico   81703
Albuquerque, New Mexico 87102-2189
Telephone: (505) 248-2530
                  (505) 248-5216

## XIII.  SIGNATURES

**36.**      The Parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this 15th day of November, 2013.


                         BY THE COURT:

                         _____
                         United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By:  _/s/ Loretta Medina for _____
      Mary Jo O'Neill
      Regional Attorney

Date:  _11-07-13_____

APPROVED AS TO FORM:

_/s/ Loretta Medina_____
Loretta Medina
Senior Trial Attorney

_/s/ D'Ontae Sylvertooth_____
D'Ontae D. Sylvertooth
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Albuuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, NM 87102

Attorneys for Plaintiff

By:  __/s/ Ed Lasater_____
      Ed Lasater
      President  Investment
      Corporation of America

Date:  __11-06-13_____

_____/s/ Marian B. Hand_____
Ann Maloney Conway
Marian B. Hand
Christina Muscarella Gooch
Keleher & McLeod PA
P.O. Drawer AA
Albuquerque, New Mexico   81703

Attorneys for Defendants

**EXHIBIT A (Notice)**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. 704 HTL Operating, LLC and Investment Corporation of America, d/b/a MCM Elegante Hotel ("MCM Elegante"),</u> filed in the United States District Court for the District of New Mexico, Civil Action No. 1:11-cv-00845 JCH/LFG.

Management of Investment Corporation of America and 704 HTL Operating wishes to emphasize the Company's fundamental policy of providing equal employment opportunity across all fields of operations and areas of employment.  Investment Corporation of America and 704 HTL Operating seek to ensure that there shall be no discrimination against any employee, or any applicant for employment, on the grounds of religion, race, color, sex, pregnancy, national origin, age, disability, or genetic history. This policy extends to all terms, conditions and privileges of employment, including decisions regarding firing, hiring and compensation.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate on the basis of religion, including discrimination because an employee requests religious accommodation.  Further, it is unlawful for an employer to retaliate against an employee because he or she has reported discrimination, opposed discriminatory employment practices, or because he or she filed a charge of discrimination with the company or any municipal, state or federal agency, or participated in the investigation or prosecution of a complaint of discrimination.

Investment Corporation of America and 704 HTL Operating respect the rights of its employees and applicants to work in an environment free from discrimination.  Accordingly, Investment Corporation of America and 704 HTL Operating reaffirm their commitment to complying with the strictures Title VII, and reiterates that it is our policy to prohibit all discrimination based on any protected basis, including religion or the need for religious accommodation. The company also forbids any form of retaliation against individuals who complain of, or who serve as witnesses against, discrimination.

Any employee who believes that he/she has suffered discrimination on the basis of religion, race, color, sex, pregnancy, national origin, age, disability, or genetic history, has the right to contact the EEOC directly at 1-800-669-4000.  In compliance with federal law, no official at MCM Elegante, 704 HTL Operating, or Investment Corporation of America will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.

704 HTL Operating, Inc., and Investment Corporation of America

By:_____          _____
                                           Date

                        Date